```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    For Online Publication Only
BARRIE LINK, as Administrator of the Estate
of Evelyn Colewell, Deceased,

                                            Plaintiff,        **ORDER**
                                                              22-CV-04950 (JMA) (LGD)
                    -against-
                                                              **FILED**
                                                              **CLERK**
EAST ROCKAWAY CENTER, LLC, doing business as                  2:15 pm, Jan 31, 2023
Lynbrook Restorative Therapy and Nursing,
                                                              **U.S. DISTRICT COURT**
                                                              **EASTERN DISTRICT OF NEW YORK**
                                            Defendants.       **LONG ISLAND OFFICE**
------------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Currently before the Court is the motion of Plaintiff Barrie Link, as administrator of the estate of Evelyn Colewell, to remand this action to state court for lack of subject matter jurisdiction. (ECF No. 12.) Defendant East Rockaway Center, LLC opposes Plaintiff's motion. (ECF No. 13.) Defendant argues that this Court may properly exercise subject matter jurisdiction because: (1) Plaintiff's claims "arise under" federal law, as they are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; (2) the Complaint raises "important federal questions" that warrant adjudication in federal court, per Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005); and (3) this Court has jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1] (Id. at 2–3.)

This Court has already considered, and rejected, the precise arguments in favor of removal that Defendant relies on here. See Escobar v. Mercy Med. Ctr., No. 21-CV-02101, 2022 WL 669366, at *1–3 (E.D.N.Y. Mar. 7, 2022) (rejecting complete preemption, Grable, and federal

---

[1] Defendant also asks the Court to stay this case pending the resolution of several similar cases currently on appeal before the Second Circuit. (ECF Nos. 6, 13.) Defendant's request is denied. See In re: Nursing Facility COVID-Related Damages Actions Removed Under the PREP Act, No. 22-CV-7528, 2023 WL 394888, at *2–3 (E.D.N.Y. Jan. 24, 2023) (denying removing defendants' requests to stay pending resolution of PREP Act appeals).

officer removal theories), appeal filed, No. 22-613.  Indeed, the "overwhelming consensus among district courts that have considered the issues presented by the instant motion to remand is that removal is improper and remand of the case back to state court is required."  Aponte v. Our Lady of Consolation Nursing & Rehab. Care Ctr., No. 22-CV-18, 2022 WL 17851799, at *4 (E.D.N.Y. Dec. 22, 2022) (rejecting complete preemption, Grable, and federal officer removal theories); see also In re: Nursing Facility COVID-Related Damages Actions Removed Under the PREP Act, No. 22-CV-7528, 2023 WL 394888, at *2–4, n.2 (E.D.N.Y. Jan. 24, 2023) (same) (collecting cases).  Likewise, every Circuit court to have considered these arguments has reached the same conclusion.  See Martin v. Petersen Health Operations, LLC, 37 F.4th 1210 (7th Cir. 2022) (rejecting complete preemption, Grable, and federal officer removal theories); Mitchell v. Advanced HCS, L.L.C., 28 F.4th 580 (5th Cir. 2022) (same); Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022) (same); Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021) (same).

The Court sees no reason to depart from this clear consensus.  Accordingly, the Court adopts the reasoning of the above-cited cases and rejects Defendant's arguments that there is federal jurisdiction in this case under the PREP Act, the Grable doctrine, or the federal officer removal statute.  Defendant has failed to establish that the Court has subject matter jurisdiction over this action and that removal was proper.  See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper.") (citation omitted).  Therefore, Plaintiff's motion to remand is GRANTED.  The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York, Nassau County.

**SO ORDERED.**

Dated: January 31, 2023
Central Islip, New York

                                                                            /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE